UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DAVID VOBORA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 4:10-cv-00810-RWS |
| | ) |
| S.W.A.T.S., a business entity, form unknown; MITCH ROSS, an individual; and DOES 1-30, inclusive, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This Memorandum of Law is filed on behalf of Defendants Anti-Steroid Program, LLC d/b/a S.W.A.T.S ("SWATS") and Mitchell D. Ross ("Ross") (collectively the "Defendants") in support of their Motion to Dismiss for Lack of Personal Jurisdiction.

### INTRODUCTION

This Court lacks personal jurisdiction over SWATS and Ross because Plaintiff's alleged claims do not arise out of any activity covered by Missouri's long-arm statute, Mo. Rev. Stat. § 506.500, and because the assertion of personal jurisdiction over these Defendants does not comport with the due process requirements of the Fourteenth Amendment to the United States Constitution. SWATS and Ross did not purposely avail themselves of the protections and benefits of Missouri law and lack sufficient minimum contacts with the State of Missouri to make it fair and reasonable to force them to defend their legal interests in this state. Consequently, this Court lacks personal jurisdiction over SWATS and Ross and should dismiss Plaintiff's alleged claims against them.

## BACKGROUND

This lawsuit is brought by Plaintiff against Defendants SWATS and Ross. SWATS is a limited liability company organized and existing under the law of the State of Florida with its principal place of business in Fultondale, Alabama. Ross is a resident of Alabama and is a member of SWATS. Affidavit of Mitchell D. Ross, ¶¶ 2 and 3, attached as Exhibit A and incorporated herein. As set forth in the affidavit of Ross, Defendants do not have sufficient connections with the State of Missouri. Id. ¶ 2.

## ARGUMENT

Upon a defendant's motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish jurisdiction over the defendants. Peabody Holding Co., Inc. v. Costain Group PLC, 808 F. Supp. 1425, 1431 (E.D. Mo. 1992). In meeting his burden, the plaintiff must "set forth, by affidavits or otherwise, specific facts showing that the court has jurisdiction." Id. at 1432 (internal citations omitted). To establish jurisdiction, the plaintiff must plead and prove both of the following: (1) that the Missouri long arm statute confers jurisdiction; and (2) that the exercise of jurisdiction does not violate the due process clause of the Fourteenth Amendment. Stevens v. Redwing, 146 F.3d 538, 543 (8th. Cir. 1998); see also Conway v. Royalite Plastics, Ltd., 12 S.W.3d 314, 318 (Mo. 2000) (en banc). If *both* of these are not established, the court cannot exert personal jurisdiction over the nonresident defendant. Harrison v. Union Pacific R. Co., 45 F. Supp. 2d 680, 683 (E.D. Mo. 1999) (finding it unnecessary to inquire into whether personal jurisdiction would offend due process when the Missouri long-arm statute did not confer jurisdiction); see also State ex rel. Career Aviation Sales v. Cohen, 952 S.W.2d 324, 325 (Mo. Ct. App. 1997) ("*If either element is lacking*, the Missouri court lacks personal jurisdiction over the defendants.") (emphasis added).

Here, Plaintiff cannot meet his burden to show that jurisdiction is proper. Plaintiff cannot establish that his claims arose out of any activities by SWATS and Ross covered by the Missouri long-arm statute, nor can he show that personal jurisdiction over SWATS and Ross comports with the due process clause of the United States Constitution. The Court, therefore, should dismiss SWATS and Ross from this case.

I.  **Plaintiff's claims do not arise from any of the activities enumerated in the Missouri long-arm statute.**

The Missouri long-arm statute provides for jurisdiction over any cause of action arising from the transaction of any business within the state or the commission of a tortious act within the state. See Mo. Rev. Stat. § 506.500.1 (1) and (3). Jurisdiction is proper when the plaintiff makes a prima facie showing that the defendant has committed each element of the tort alleged. Costain, 808 F. Supp. at 1433. Such a showing requires more than a conclusory allegation that the defendant committed the tort. Nollman v. Armstrong World Indus., Inc., 603 F. Supp. 1168, 1172 (E.D. Mo. 1985). In addition, the plaintiff must show that the "acts contemplated by the statute took place" within the state. State ex rel. William Ranni Associates, Inc. v. Hartenbach, 742 S.W.2d 134, 139 (Mo. 1987) (en banc). If the plaintiff cannot show that the acts took place within the state, he can survive dismissal only when the extraterritorial acts were "deliberately designed to move into the forum state to injure plaintiff's business." Peabody, 808 F. Supp. at 1433.

Plaintiff's Complaint is devoid of any allegations relating to jurisdiction. Plaintiff appears to allege jurisdiction on the basis that that Defendants:

(1)  negligently manufactured, marketed, distributed, and sold The Ultimate Sports Spray;

3

(2)     manufactured, processed, and distributed The Ultimate Sports Spray, which was defective because it was contaminated with methyltestosterone;

(3)     breached an implied warranty of merchantability;

(4)     intentionally and negligently misrepresented the contents of The Ultimate Sports Spray; and

(5)     violated the Missouri Merchandising Practices Act.

Nowhere in the complaint does Plaintiff allege that any of these events took place in Missouri. Accordingly, Plaintiff has not plead and cannot prove that the alleged actions of Defendants were done deliberately to harm plaintiff. The alleged conduct of Defendants occurred in Alabama, and possibly Maryland, not in the State of Missouri. See Ross. Aff. Plaintiff has failed to plead that the alleged extraterritorial acts were done in a deliberate manner to harm the Plaintiff. See Harrison, 45 F. Supp. 2d 680, 683 (E.D. Mo. 1999) ("A nonresident defendant 'commits a tortious act within the state' [consistent with Mo. Rev. Stat. § 506.500 and due process] when, through wholly extraterritorial acts it sets in motion a course of action deliberately designed to move into the forum state in order to injure plaintiff's business.") (internal citations omitted).

Even where the Missouri long-arm statute provides for jurisdiction over extraterritorial actions that have an effect within the state, jurisdiction must still comport with due process. If "some of the effects of a tort are the only connection tying it to the forum, specific jurisdiction is improper under the Due Process Clause." See Claredi Corp. v. Seebeyond Technology Corp., Case No. 4:04-CV-1304 RWS, 2005 WL 2536184, at *4 (E.D. Mo. Oct 11, 2005) (citing May Dept. Stores Co. v. Wilansky, 900 F. Supp. 1154, 1161 (E.D. Mo. 1995)).

Plaintiff does not and cannot allege that SWATS manufactures any products in Missouri.

4

The Ultimate Sport Spray at issue here was manufactured and bottled in Texas, shipped to SWATS in Alabama and then shipped to Gary Stills in Maryland. Ross Aff. at ¶ 5. Nor does the Complaint allege that any of SWATS or Ross' actions took place in Missouri. Plaintiff doesn't allege any communications with SWATS or Ross in which either they or Plaintiff were in Missouri. Indeed, there is no allegation of *any* connection with Missouri at all. Plaintiff doesn't allege a single communication with SWATS or Ross of any kind. Nor does he allege that he was present in Missouri when he "investigated" and ingested SWATS products. Given the utter lack of any jurisdictional allegations of any kind here, exercising jurisdiction over Defendants would violate the Missouri Long-Arm Statute. The Complaint should be dismissed for lack of personal jurisdiction as Plaintiff has not sufficiently pleaded and cannot prove that SWATS and Ross committed any tortious act in the State of Missouri as required by Missouri's long-arm statute.

II.  **The Due Process Clause does not permit the exercise of personal jurisdiction over SWATS and Ross.**

Even if the individual acts of SWATS and Ross satisfied one of the provisions of the Missouri long-arm statute, those Defendants' respective contacts with the State of Missouri are insufficient under the due process clause.

The due process clause of the Fourteenth Amendment limits when a state may assert personal jurisdiction over a non-resident defendant. See Pennoyer v. Neff, 95 U.S. 714, 733 (1878); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (Defendants have a "liberty interest in not being subject to the binding judgments of a forum with which he has no meaningful 'contacts, ties or relations.'") (internal citations omitted). To subject a non-resident defendant to *in personam* jurisdiction, the defendant must have sufficient "minimum contacts" with the forum state so "that the maintenance of the suit does not offend 'traditional

5

notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)); Conway v. Royalite Plastics, Ltd., 12 S.W.3d 314, 318 (Mo. 2000) (en banc). To satisfy due process, a plaintiff must show that the defendant has "purposefully established minimum contacts with the forum State," and that, by traditional standards, those contacts make personal jurisdiction reasonable and fair under the circumstances. Burger King, 471 U.S. at 476.

### A. Ross and SWATS lack Sufficient Minimum Contacts With The State Of Missouri.

For specific jurisdiction to be proper, the lawsuit must arise out of or be related to a defendant's minimum contacts with the forum state. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 416 (1984). This nexus is important because it aims to give "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurances to where the conduct will and will not render them liable to the suit." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Therefore, critical to the minimum contacts analysis is showing that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there," id., because "there is some act by which the defendant purposely avails himself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 109 (1987); see also Claredi Corp. v. Seebeyond Technology Corp., Case No. 4:04-CV-1304 RWS, 2005 WL 2563184, at *3 (E.D. Mo. Oct 11, 2005) ("The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should reasonably anticipate being haled into court there.").

As such, jurisdiction is only proper where the contacts proximately result from actions by the defendant that create a substantial connection with the state. Burger King, 471 U.S. at 475. To satisfy due process, a defendant's contacts with the forum must be more than "attenuated," "random or fortuitous." Id. Indeed, the "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." Mello v. Giliberto, 73 S.W.3d 669, 676 (Mo. Ct. App. 2002) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

"In judging minimum contacts, the court properly focuses on the relationship among the defendant, the forum and the litigation." Calder v. Jones, 465 U.S. 783, 788 (1984). Courts consider the following five factors: (1) the nature and quality of the contacts; (2) the quantity of the contacts; (3) the relationship of the cause of action to those contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience of the parties. Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 562 (8th Cir. 2003). The first three factors are of primary importance and relate to the minimum contacts inquiry. Id.

Ross and SWATS do not have sufficient minimum contacts with the State of Missouri. SWATS has never sold a product in Missouri. Ross Aff. ¶ 6. Its only contact with Missouri was a one-time shipment to the University of Missouri in September 2007, years before the allegations contained in the Complaint. Id. at 9. Ross' only contact with the State of Missouri was in his official capacity as a member of SWATS on April 17, 2010, after the conduct alleged in Plaintiff's complaint. Id. These two attenuated, random contacts that have no connection to Plaintiff's allegations are not sufficient to establish personal jurisdiction over the Defendants.

Nor can Plaintiff establish jurisdiction over Ross simply by virtue of his role as a member of SWATS. The Supreme Court has stressed that an employee's contacts with the forum should not be judged according to the employer's activities there. Calder, 465 U.S. at 791. Each particular defendant's contacts with the forum state must be examined independently and individually to determine jurisdiction. Id.; see also Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984) ("But jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him . . . Each defendant's contacts with the forum State must be assessed individually."); Flocco v. State Farm Mut. Auto Ins. Co., 752 A.2d 147, 162-63 (D.C. 2000) ("A court does not have jurisdiction over individual officers and employees of a corporation just because the court has jurisdiction over the corporation.") Jurisdiction over an individual defendant is not proper when the only contacts with a forum are based on their acts performed in a corporate capacity.

Personal jurisdiction over Ross must be based on his own personal contacts with the State of Missouri - not on the contacts of the SWATS (which are themselves insufficient to confer jurisdiction over SWATS). Nor can his contacts be based on any alleged acts he did through his corporate capacity. Ross has no such contacts with the state.

Given that Ross has no personal contacts with the State of Missouri, the exercise of personal jurisdiction over him would clearly be improper.[1] The two contacts of SWATS with Missouri are insufficient to confer jurisdiction. Ross and SWATS did not purposely avail themselves of the protections and benefits of Missouri law. They lack sufficient minimum

---

[1] For these same reasons, general jurisdiction is not present. General jurisdiction requires that contacts with the forum be so "continuous" and "systematic" that the defendants are, for all intents and purposes, present in the forum state. Helicopteros Nacionales de Columbia, S.A., 466 U.S. at 414. Ross has had no personal contacts with Missouri. SWATS has not had the "substantial" and "continuous" contacts required to assert general jurisdiction over it.

8

contacts with Missouri to make it fair and reasonable to force them to defend their legal interests in this state.

    **B.    The exercise of jurisdiction would offend traditional notions of fair play and substantial justice.**

Even if Plaintiff did establish that Ross or SWATS had certain minimum contacts with the State of Missouri, the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. If a non-resident defendant has sufficient minimum contacts, the following facts are considered to determine whether jurisdiction over the defendant is reasonable under the circumstances: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. World Wide Volkswagen, 444 U.S. at 292. "The Supreme Court has noted the 'unique burdens placed upon one who must defend oneself in a foreign legal system," and has held that those burdens "have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." Peabody, 808 F. Supp. at 1436 (quoting Asahi Metal Indus. Co., 480 U.S. at 114). Indeed, "great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." Id. at 1437.

Ross is a resident of the State of Alabama who would be disadvantaged and burdened by having to defend a lawsuit in Missouri. SWATS is a Florida limited liability company. The State of Missouri has no substantial interest in hearing this dispute, as the alleged activities took place in Alabama and there is no allegation that the product was ingested in Missouri. Also, asserting jurisdiction over foreign defendants when their minimum contacts with the forum are

9

negligible at best has been held unreasonable by the United States Supreme Court. See <u>Asahi Metal Indus. Co.</u>, 480 U.S. at 114.

## CONCLUSION

WHEREFORE, for the reasons stated above, Ross and SWATS respectfully request that this Court dismiss Plaintiff's claims against them for lack of personal jurisdiction.

Respectfully submitted,

THOMPSON COBURN LLP


By /s/ Steven M. Sherman
    Steven M. Sherman, #47482
    One US Bank Plaza
    St. Louis, Missouri 63101
    314-552-6000
    FAX 314-552-7000
    ssherman@thompsoncoburn.com


    Attorneys for Defendants
    S.W.A.T.S. and Mitch Ross

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2010, the undersigned filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing upon all attorneys of record including:

Howard L. Jacobs, Esq.
LAW OFFICES OF HOWARD L. JACOBS
2815 Townsgate Road, Suite 200
Westlake Village, California 91361
Telephone:    (805)418-9892
Facsimile:    (805)418-9899
howard.jacobs@athleteslawyer.com

R. Daniel Fleck, Esq.
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
Telephone:    (307)733-7290
Facsimile:    (307)733-5248
fleck@spenselawyers.com

/s/ Steven M. Sherman