UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID VOBORA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV810 RWS |
| ) | |
| S.W.A.T.S., et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's supplemental materials in support of plaintiff's response to defendants' motion to dismiss for lack of personal jurisdiction.[1] Defendants' motion has been set for an **evidentiary**

---

[1]Plaintiff is a professional football player living in St. Peters, Missouri. In 2009, he was a starting linebacker for the St. Louis Rams. While he was with the Rams, plaintiff used a sports spray, called the Ultimate Sports Spray, given to him by his teammate Gary Stills. The sports spray is sold by defendant SWATS. SWATS is an acronym for Sports With Alternatives to Steroids. The SWATS program promotes athletics without the use of drugs or alcohol. Stills is an "athletic endorser" for SWATS. Defendant SWATS is a limited liability company organized and existing under the laws of Florida with its principal place of business in Fultondale, Alabama. Defendant Ross is a resident of Alabama and a member of SWATS.

Defendants argue that SWATS does not sell the spray in Missouri. According to the motion papers, the spray given to Vobora was manufactured in Texas, shipped to Alabama and sent to Stills in Maryland. Stills then brought the spray with him to Missouri and gave it to Vobora. Defendants did not dispute that Stills was an "athletic endorser" for SWATS, but neither party bothered to provide the Court with any evidence about what an "athletic endorser" actually is and what he does for SWATS. Instead, defendants only argued that "athletic

hearing since July 15, 2010 and was moved to September 21, 2010 at the **joint** request of the parties.  Now, on the eve of the hearing, plaintiff has filed "supplemental materials" in opposition to defendants' motion to dismiss claiming that he has been "precluded from conducting discovery on issues relating to what exactly an "athletic endorser" is and what an "athletic endorser" does for S.W.A.T.S."  Apparently, the parties have not been conducting discovery by agreement on jurisdictional issues, and neither party has asked the Court to permit or compel discovery, either.  Instead, only now does plaintiff "request the opportunity to conduct discovery on the issues related to defendants' numerous contacts with the State of Missouri," citing Federal Rule of Civil Procedure 56(f)(2).  Plaintiff glibly adds that he "is unable to meaningfully respond to the Court's request for further information regarding 'athletic endorser' as that is not information in his purview."

The Court is at a loss to understand what plaintiff expects will happen at the upcoming evidentiary hearing, which he apparently does not even believe is necessary since he contacted my chambers this week with defense counsel to

---

endorsers" are not distributors.  That they are not distributors does not end the inquiry, however.  Because I could not rule on defendants' motion to dismiss without evidence about the nature and role of an "athletic endorser" in this case, I set this matter for evidentiary hearing.

request that the issue be decided on the motion papers rather than through an evidentiary hearing. My Orders setting (and continuing) this hearing were very specific and instructed the parties that it was their responsibility to present all evidence upon which they rely in support of their positions at that hearing. It is plaintiff's responsibility to establish personal jurisdiction, and the upcoming hearing is his opportunity to do so.[2] Plaintiff cannot simply claim that it is "not within his purview" to provide the facts necessary to support jurisdiction after being notified more than two months in advance that the role of an "athletic endorser" is a key issue to resolving the question of whether the Court has personal jurisdiction over these defendants in this case. Plaintiff did not seek

---

[2]To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff has the burden of making a prima facie showing that personal jurisdiction exists. Steinbuch v. Cutler, 518 F.3d 580, 585 (8th Cir. 2008) (citations omitted). The Court views the evidence in the light most favorable to plaintiff and resolves factual conflicts in plaintiff's favor. Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). Even so, plaintiff must produce some evidence; conclusory allegations are insufficient. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072-73 (8th Cir. 2004). Plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [defendant] can be subjected to jurisdiction within the state." Id. at 1072 (internal quotation marks and citation omitted). A party may rely on affidavits, exhibits, or other evidence to make a prima facie case of jurisdiction. Romak USA, Inc. v. Rich, 384 F.3d 979, 983 (8th Cir. 2004). "The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003).

discovery at his peril and cannot now expect the Court to do his job of ferreting out the facts necessary to support jurisdiction in this case.

Plaintiff's one-sentence, belated request to conduct discovery on defendants' "numerous contacts with the State of Missouri" is unsupported by anything in the record to date. Although plaintiff actually argues in his motion papers that this Court has both general and specific jurisdiction over defendants in this case, I have no difficulty concluding, based on the facts presented, that this Court lacks general jurisdiction over defendants.[3] Plaintiff contends that SWATS'

---

[3]To exercise personal jurisdiction over a nonresident defendant, the Court must ordinarily determine (1) whether that defendant is subject to the forum state's long-arm statute and (2) whether the exercise of personal jurisdiction would comport with due process. Romak, 384 F.3d at 984. Both the Eighth Circuit and the Missouri Supreme Court have noted that Missouri's long-arm statute extends jurisdiction to all cases where due process permits the exercise of personal jurisdiction. Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000) (citing State v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970) (en banc)); Romak, 384 F.3d at 984 (citation omitted). Thus, this Court need only consider whether the exercise of jurisdiction in this case would comport with due process; if it does, defendants would be subject to the long-arm statute, and if it does not, the claims should be dismissed for want of personal jurisdiction. Id.

Due process does not support the exercise of personal jurisdiction by a state over a nonresident who has no meaningful contacts or ties to that state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Instead, "[d]ue process requires minimum contacts between a nonresident defendant and the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Steinbuch, 518 F.3d at 585 (internal quotation marks and citation omitted). These contacts must be such that the defendant "should reasonably anticipate being haled into court" in Missouri. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "The minimum contact inquiry focuses on whether the defendant [has] purposely availed itself of the

website establishes general jurisdiction in Missouri. To use a website as a basis for general jurisdiction, defendants must have actual, continuous and systematic commercial contact with the forum. Bell v. Imperial Palace Hotel/Casino, Inc., 200 F. Supp. 2d 1082, 1090 (E.D. Mo. 2001). "Considering that the consequences

---

privilege of conducting activities within the forum state and thereby invoked the benefits and protections of its laws." Steinbuch, 518 F.3d at 586 (internal citation omitted). There must be some act by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Epps, 327 F.3d at 647-48 (internal citation omitted). The defendant's contacts must be more than "random, fortuitous, or attenuated." See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

In determining whether a nonresident defendant's contacts with Missouri are sufficient to subject it to the personal jurisdiction, the Court considers five factors, the first three of which are the most important: (1) the nature and quality of that defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the connection of the cause of action to the contacts; (4) the interest of the forum state in the litigation; and (5) the convenience or inconvenience to the parties. Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1091 (8th Cir. 2008); Steinbuch, 518 F.3d at 586. With respect to the third factor, the Supreme Court has differentiated between general and specific personal jurisdiction. See Helicopteros Nacionales de Colombia, S .A. v. Hall, 466 U.S. 408, 414 (1984). A court may exercise specific personal jurisdiction over a nonresident defendant where the cause of action arises from, or is connected to, the defendant's contacts with the forum state. Dever, 380 F.3d at 1073; Burger King, 471 U.S. at 463. Where a defendant has "continuous and systematic" contacts with a forum state, courts in the state may exercise general personal jurisdiction over the defendant, even where the cause of action or alleged injury is unrelated to those contacts or has no connection with the forum state. See Steinbuch, 518 F .3d at 586 (internal citation omitted).

of general jurisdiction are so significant - the party may be hauled into the forum state to defend any cause of action - the bar to show minimum contacts is set even higher than that required for specific jurisdiction." Id. Courts are reluctant to find general jurisdiction, and plaintiff has utterly failed to meet his burden of demonstrating that it exists in this case, or even that he is entitled to discovery on this issue. When determining whether a website vests a court with general jurisdiction, district courts "must consider the quantity of contacts that [defendant] - through its website - has with Missouri residents." Lakin v. Prudential Securities, Inc., 348 F.3d 704, 712 (8th Cir. 2003).

Here, the answer is "none." Missouri residents have not ordered or purchased any SWATS products over the internet. SWATS has never sold the sports spray in, or shipped the spray to, Missouri. In 2007, SWATS shipped athletic performance chips to the University of Missouri, but there is no evidence that this sole shipment even involved the website. This court cannot exercise general jurisdiction over defendants by virtue of its website. As the Eighth Circuit noted in Lakin, it would be "untenable" to exercise general jurisdiction over defendants based on a very interactive website (whose features might make the contacts "continuous") if there are no quantity of contacts with the forum state. Id. In other words, the contacts must be continuous and substantial, and substantial requires that contacts between Missouri residents and the website actually took

place.  Here, without that evidence, there is no basis upon which to exercise general jurisdiction.

Therefore, if this Court is to exercise jurisdiction over defendants, it must do so based on specific jurisdiction, which means that jurisdiction arises out of or relates to defendants' actions in Missouri.  See id. at 706.  In support of specific jurisdiction, plaintiff first claims that SWATS places its products in the stream of commerce by selling them through distributors.  If Stills were a distributor of SWATS products, then the "stream of commerce" analysis in plaintiff's brief would apply to these facts.  However, the only evidence here is that SWATS does not use distributors to sell its products and that no sales of the product ever took place in Missouri.  Plaintiff's supplemental materials do not state otherwise.  With the undisputed facts in the record, I cannot conclude that SWATS placed "its products into the stream of commerce with the expectation that the products will be purchased by consumers in the forum state."  Stanton v. St. Jude Medical, Inc., 340 F.3d 690, 693 (8th Cir. 2003).  Nor does the maintenance of SWATS' website support specific jurisdiction in this case, because the website is unrelated to the cause of action at issue here.  Plaintiff did not order the spray online from the website; Stills gave it to him.

Therefore, if personal jurisdiction exists over defendants in this case, it is through the actions of Stills.  Yet plaintiff has not bothered to provide the Court

with any evidence whatsoever on this point, apparently because he believes it is not his responsibility to do so. It is. In this interests of justice, I will continue the hearing so that the parties may conduct discovery on personal jurisdiction issues. I expect the parties to agree on a proposed expedited discovery schedule, with discovery concluding in November.

Finally, there are two defendants in this case - SWATS and Ross. Plaintiff has completely failed to present any evidence demonstrating that this Court has personal jurisdiction over Ross. Jurisdiction over Ross cannot be presumed even if this Court has jurisdiction over SWATS. Instead, each defendant's contacts with Missouri must be assessed individually. Calder v. Jones, 465 U.S. 783, 790 (1984). Here, plaintiff has offered no evidence that Ross has had any contact with Missouri such that he can be said to have "reasonably anticipated being haled into court" here. I expect plaintiff to conduct discovery on Ross' contacts with Missouri and present that evidence at the evidentiary hearing as well. If, following discovery, the parties agree that the evidence may be submitted by affidavit and deposition testimony in lieu of live testimony, then they may notify the Court and request that the motion be decided on the written record.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to conduct discovery [#17-2] is granted, and the parties shall conduct expedited discovery on

jurisdictional issues only. The parties shall submit a joint proposed expedited discovery schedule, with discovery concluding in November, for the Court's consideration by **September 24, 2010.**

**IT IS FURTHER ORDERED** that **the hearing on defendants' motion to dismiss is reset for an evidentiary hearing on Tuesday, December 7, 2010 at 10:30 a.m. in Courtroom 10-South. The parties are responsible for presenting all evidence, including testimony, upon which they rely in support of their positions at that time.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of September, 2010.