UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID VOBORA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV810 RWS |
| | ) |
| S.W.A.T.S., et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on defendants' motion to dismiss for lack of personal jurisdiction. The parties have requested I rule the motion on the written record in lieu of the evidentiary hearing set for December 7, 2010. Because I find that this Court has personal jurisdiction over defendant SWATS, I am denying its motion to dismiss. However, I will reserve ruling on the motion as to defendant Ross until plaintiff can file his motion to transfer this case to Florida. If plaintiff elects not to seek transfer of this case based on today's ruling, I will dismiss defendant Ross from this case for lack of personal jurisdiction.

This is the third Memorandum and Order I have written about defendants' motion to dismiss. The relevant facts, applicable law, and legal issues have all been set out in those prior Orders, so I do not restate them here. After reviewing the materials provided by the plaintiff in opposition to dismissal, I find that this

Court may exercise personal jurisdiction over defendant SWATS consistent with Due Process. Gary Stills, an athletic endorser compensated by defendant for his endorsement of defendant's sports spray through the receipt of free product, told plaintiff about the benefits of the sports spray and gave him defendant's sports spray to use. The conversations took place in Missouri, as did plaintiff's receipt and use of defendant's product. While in Missouri, plaintiff went online to defendant's website, one of the primary methods of advertising and selling defendant's products, to research the product. Still's testimonial endorsement of the sports spray appeared online, as did that of many other professional athletes. After reviewing the information online and contacting the NFL hotline to research the product, plaintiff then used the sports spray, tested positive for steroids, and was suspended from play with the St. Louis Rams. All of these actions took place in Missouri.[1]

---

[1] In prior submissions with this Court, defendant SWATS argued that it had never sold any of its sports spray or other products in Missouri, with one unrelated exception. Yet, I now know that this fact is not dispositive in this case. First, after reading the deposition of Mr. Ross it is clear to me that defendant has no idea whether it has sold any product in Missouri, since Mr. Ross claimed to keep no records of sales and product shipments. Because Mr. Ross is the only person who fills the orders and ships out defendant's products, he cannot claim to have no knowledge of where the products are shipped but then simultaneously deny that any were sent to Missouri. Moreover, Ross admits that defendant's website seeks nationwide sales, and that its marketing and promotional strategies are geared to generate sales in all states, including Missouri. Perhaps most importantly, however, is Ross's admission that defendant gives most of its product away instead of selling it, anyway. Ross admits that defendant's primary focus at this stage in marketing the company's product is to give away its products to coaches and athletes in exchange for athletic endorsements. Ross hopes that the athletic endorsers will then encourage

These facts are sufficient to meet plaintiff's burden of establishing that this Court may exercise personal jurisdiction over defendant SWATS in this case. Through these contacts, defendant SWATS could reasonably anticipate being haled into a Missouri court. Stills did exactly what defendant expected him to do with the sports spray (promote its use), and defendant's website and athletic endorsements had the intended effect of encouraging plaintiff's use of the sports spray. Plaintiff was given the spray in Missouri, was encouraged to use the spray in Missouri, used the spray in Missouri, and was allegedly damaged by its use in Missouri. Defendant purposely availed itself of the privilege of conducting activities within Missouri, and its contacts with the forum state are more than random, fortuitous, or attenuated. After considering the nature and quality of defendant's contacts with Missouri, and their connection to the underlying dispute, I find that this Court may exercise personal jurisdiction over defendant SWATS in this case consistent with the notions of Due Process.

The same cannot be said of defendant Ross, however. Ross's testimony does not establish a basis for exercising personal jurisdiction over him in this case. Ross testified that all his contact with Missouri took place in his role as the

---

others, including their teammates, to use the product, thereby increasing exposure and name recognition and eventually leading to increased sales.

manager and promoter of defendant SWATS.  As I explained in my prior Order, Ross' corporate contacts with Missouri cannot be attributed to him personally and cannot be used to assert personal jurisdiction over him in this case.[2]  In addition, the contacts about which Ross testified were attenuated, unrelated to the product at issue here, and some even took place after this lawsuit was filed.  Plaintiff cannot sue Ross individually in this forum just because he is the "face" of defendant SWATS.  Under these circumstances and without any evidence of Ross's individual connection with this forum, I cannot exercise personal jurisdiction over him consistent with Due Process.  See Affordable Healthcare, LLC v. Protus IP Solutions, Inc., 2009 WL 775582, *2-3 (E.D. Mo. Mar. 20, 2009) (acts performed by individuals in their official capacities cannot be attributed to them as individual acts creating personal jurisdiction).

    I will reserve ruling on the motion as to Ross, however, to give plaintiff the opportunity to file his motion to transfer.  Although I cannot predict the grounds upon which transfer may be based, I note only that plaintiff has indicated that he may seek transfer to Florida, while he admits that Ross is an Alabama resident.  I will await a full explanation as to how Ross will be subject to personal jurisdiction

---

[2]There are no allegations in the complaint regarding the corporate structure that would support attributing Ross's corporate contacts to him personally.

in Florida, as the Court obviously cannot transfer this case to Florida if that court does not have jurisdiction over defendant Ross, either. If plaintiff's motion is not filed as previously ordered, plaintiff's complaint against defendant Ross will be dismissed for lack of personal jurisdiction and this case will be set for a scheduling conference.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss defendant SWATS [#9-1] is denied. The motion to dismiss defendant Ross [#9-2] remains pending.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2010.