UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID VOBORA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.: 4:10CV810 RWS |
| ) | |
| S.W.A.T.S, a business entity, form ) | |
| unknown; and DOES 1-30, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter came before the Court on Plaintiff's Verified Application for Entry of Default and Motion for Default Judgment [Doc. 44] against Defendant Anti-Steroid Program, LLC d/b/a S.W.A.T.S pursuant to F.R.Civ.P. 55(b)(2). This court having reviewed the default pleadings in this matter, having found the Defendant Anti-Steroid Program, LLC d/b/a S.W.A.T.S, to have been duly served, having granted Plaintiff's Motion for Judgment of Default, and hearing evidence of Plaintiff's damages on May 18, 2011, and the Court having considered the evidence finds and concludes that judgment by default is hereby entered against Anti-Steroid Program, LLC d/b/a S.W.A.T.S in the total amount of Five Million, Four Hundred Thousand, Five Hundred Eighty Eight Dollars and Twenty-Four Cents ($5,400,588.24) as follows:

1. The Plaintiff was injured on or about June 11, 2009, in St. Louis, Missouri, as the proximate result of the Defendant's negligence, breach of implied warranty, intentional misrepresentation, negligent misrepresentation, violation of strict products

liability laws, and violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010 et. seq.

2. Defendant Answered Plaintiff's Complaint on behalf of Anti-Steroid Program, LLC d/b/a S.W.A.T.S on December 30, 2010 [Doc. 32 ] (hereinafter "Defendant" or "S.W.A.T.S"). An Entry of Default against Defendant was issued by the Clerk of the United States Eastern District Court of Missouri on April 14, 2011 [Doc. 46].

3. The Entry of Default forecloses the defaulting party, S.W.A.T.S, from making any further defense or assertion with respect to liability on any claim asserted by Plaintiff.

4. The Plaintiff is an employee of the St. Louis Rams, a National Football League (NFL) franchise. At the time of the events in Plaintiff's Complaint he was a starting linebacker on the team. In June 2009, Mr. Vobora took "Ultimate Sports Spray" which caused him to test positive for the banned substance methyltestosterone. As a result of testing positive for this banned substance, Mr. Vobora was suspended by the NFL without pay, for a period of four (4) games. In August 2009, Plaintiff Vobora, through his representatives, sent the bottle of S.W.A.T.S "Ultimate Sports Spray" that he was using at the time of his positive banned substance test, lot number 1715, to Aegis Sciences Corp., in Nashville, Tennessee (hereinafter "Aegis") for testing for contamination with steroids (hereinafter "Vobora bottle"). The Vobora bottle of S.W.A.T.S "Ultimate Sports Spray" was received by Aegis on August 5, 2009. On September 11, 2009, Aegis reported that the Vobora bottle of S.W.A.T.S "Ultimate Spray" was contaminated with methyltestosterone. S.W.A.T.S is liable for the damages

sustained by Mr. Vobora as alleged in Plaintiff's Complaint.

5. Plaintiff's allegations in his Complaint relative to the grounds for awarding damages are deemed admitted by S.W.A.T.S.

6. The Court granted Plaintiff's Motion for Default Judgment as against S.W.A.T.S. The Defendant was given notice and an opportunity to be heard. Despite adequate notice, S.W.A.T.S chose not to defend or appear.

7. A hearing was held on May 18, 2011, during which the Court heard evidence of damages suffered by the Plaintiff through live testimony.

8. This Court finds and concludes that Plaintiff has suffered both special and general damages. At the time the facts in the Complaint occurred, Plaintiff was a starting linebacker in the NFL for the St. Louis Rams. Mr. Vobora was drafted by the St. Louis Rams in 2008 as the final draft selection, a draft selection commonly referred to in the NFL as "Mr. Irrelevant" due to the unique 'honor' of being the final pick of the draft. Plaintiff Vobora was the first "Mr. Irrelevant" to start an NFL game as a rookie since Marty Moore started for the New England Patriots in 1994.

9. As a result of testing positive for the banned substance methyltestosterone, Plaintiff Vobora was suspended by the NFL, without pay, for a period of four (4) games. The unpaid suspension was served by Plaintiff Vobora during the 2009 NFL regular season. As a result of the suspension, Plaintiff Vobora forfeited salary from the St. Louis Rams in the amount of $90,588.24.

10. In addition, NFL players are compensated through a performance bonus system. The four-game suspension caused Plaintiff Vobora to lose income related to

contractual performance bonuses, at a projected minimum, in the amount of $41,614.32. The $41,614.32 loss is derived from calculating the bonus based on a per game average. Mr. Vobora earned $124,843.00 in 2009 based on a twelve game season. The Court heard testimony on the issue of an increased performance bonus due to the fact Mr. Vobora was a starter before his suspension, and had lost his starting job during his suspension. Marc Lillibridge, a player agent registered with the National Football League's Players Association testified that Mr. Vobora's losses for player performance based on an index of statistical performance and draft position was One Hundred Seventy Thousand Dollars ($170,000.00).

11. In addition, Plaintiff has suffered a loss of income derived from football-related endorsements and performance incentives. The Court heard and considered the testimony presented related to lost marketing opportunities. The Court believes the evidence demonstrates that as a NFL player, and due to Mr. Vobora's position as a "Mr. Irrelevant" (who became a starter in the NFL), he had unique opportunities to earn income from non-NFL sources to promote and market products and events for economic gain. Based on the testimony presented the Court awards One Hundred Thousand Dollars ($100,000.00) as compensation for Mr. Vobora's lost marketing opportunities.

12. This Court finds and concludes the Plaintiff suffered loss of game checks in the amount of $90,588.24, as a direct result of his four-game suspension.

13. This Court finds and concludes the Plaintiff suffered loss of performance bonuses in the amount of One Hundred Seventy Thousand Dollars ($170,000.00).

14. The Court heard testimony that the positive drug test and resulting suspension made Mr. Vobora less marketable than other similarly situated players who have not been suspended. Mr. Vobora is less marketable not only due to his tarnished reputation but also because he has one strike against him under the NFL's performance enhanced drug protocol. The Court has received the Affidavit of Marc Lillibridge containing a description of comparable losses under similar circumstances [Doc. 54].

15. This Court finds and concludes the Plaintiff suffered a loss of future income due to his suspension in the amount of $3,040.000. This figure is arrived at by excluding the outlying salary numbers provided by Mr. Lillibridge, taking the average salary lost for one season and multiplying it by the average NFL free agent contract of four years.

16. This Court finds and concludes Plaintiff's reputation has been tarnished and he has suffered damage.

17. David Vobora testified about the emotional toll this matter has caused him, including his course of care and treatment with both private and team physicians. He testified regarding his history as a football player, and how being labeled as a steroid user has caused him distress, pain and suffering. During argument Plaintiff's counsel has requested the Court award Two Million Dollars ($2,000,000.00) for Plaintiff's general damages for this category.

18. The Court awards Two Million Dollars ($2,000,000.00) for Plaintiff's general damages.

19. Based upon the evidence presented to this Court, the Court finds the Plaintiff suffered the following damages proximately caused by the Defendant:

        Loss of game checks $ 90,588.24

        Loss of performance bonuses $170,000.00

        Loss of marketing endorsements $100,000.00

        Loss of future income $3,040,000.00

        Damage to reputation $2,000,000.00

20. Plaintiff is permitted to submit attorney's fees and costs for consideration within ten (10) days.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Anti-Steroid Program, LLC d/b/a S.W.A.T.S is liable to Plaintiff in the total amount of $5,400,588.24.

**IT IS FURTHER ORDERED** that the John Doe defendants are dismissed without prejudice.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                        _____
                                                        RODNEY W. SIPPEL
                                                        UNITED STATES DISTRICT JUDGE

Dated this 17 day of June, 2011.